UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOELLEN MARY CROSSETT,

    Plaintiff,

v.

EMMET, COUNTY OF, et al.,

    Defendants.

_____/

Case No. 1:18-cv-543

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff, proceeding pro se, initiated this action under 42 U.S.C. § 1983 against Emmet County and Emmet County officials, alleging twenty-four separate claims in a 267-paragraph complaint. Plaintiff alleges violations of her rights under the First, Fourth, and Fourteenth Amendments, "[a]s a direct and proximate result of the unlawful policies and acts of the defendants" (Compl., ECF No. 1 at PageID.106). Defendants filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending Defendants' motion be granted and this case terminated. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

**Objections to Background**

As a threshold matter, Plaintiff begins by objecting to certain non-material facts in the "Background" section of the Report and Recommendation. Plaintiff argues that the Magistrate Judge erred by "not resolv[ing] any of the issues of fact in Ms. Crosset's favor" nor "credit[ing] contradictory evidence" (Obj., ECF No. 48 at PageID.757). Plaintiff disagrees with how mildly the Magistrate Judge characterized Plaintiff's action of pleading guilty (*id*.). Plaintiff disagrees with the Magistrate Judge's use of the phrase "refused to attend the scheduled competency hearings" (*id*. at PageID.758). Plaintiff disagrees with the Magistrate Judge's characterization of taking "prescribed" medication as a need to "treat herself" (*id*.). All four disagreements with the background section fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. This objection is therefore denied.

**I.     Defendant Emmet County**

Turning next to the section of the Report and Recommendation addressing Plaintiff's claims against Emmet County, Plaintiff argues the Magistrate Judge mischaracterized Plaintiff's Complaint as a mere contention (Obj., ECF No. 48 at PageID.758). Plaintiff states that she "contends more than just a 'failure to properly train Defendants' concerning the violation of her rights by Emmet County," and Plaintiff emphasizes that she "also sustained injuries because of 'official municipal policies' of Emmet County" (*id*.). Plaintiff does not demonstrate how the alleged mischaracterization reveals any error in the Magistrate Judge's analysis.

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff did not "establish she was injured as a result of [Defendants'] customs and policies" (*id*. at PageID.759). Again, Plaintiff's mere disagreement with the Magistrate Judge's conclusion fails to identify any error in the Magistrate Judge's analysis.

2

Plaintiff also argues that the Magistrate Judge erred when finding that Plaintiff did not present or identify any evidence that satisfied the deliberate-indifference standard (*id.*). Plaintiff alleges that the Magistrate Judge omitted Plaintiff's references to evidence that allegedly proved the County's liability (*id.* at PageID.758). Plaintiff's argument lacks merit. There is no requirement that a report and recommendation delineate each exhibit a magistrate judge reviews. Further, Plaintiff does not specify any exhibits that the Magistrate Judge overlooked, nor has Plaintiff identified any consequent error within the Magistrate Judge's analysis.

In sum, Plaintiff's objections regarding the Magistrate Judge's recommendation as to Defendant Emmet County are denied.

## II. Defendants Linderman, Fenton, and Schuitema

In regards to Defendants Linderman, Fenton, and Schuitema, Plaintiff argues that the Magistrate Judge incorrectly concluded they enjoy absolute immunity (Obj., ECF No. 48 at PageID.760). Plaintiff asserts that Defendants "only 'enjoy' absolute immunity when they uphold the law, not break it" (*id.*). Plaintiff's assertion is a mischaracterization of the Magistrate Judge's conclusion. The Magistrate Judge stated that "'state prosecutors are absolutely immune from civil liability when acting within the scope of their prosecutorial duties,'" which includes Defendants' "'decision to initiate a prosecution . . .'" (R&R, ECF No. 47 at PageID.731). The Magistrate Judge concluded that Plaintiff did not provide sufficient evidence to support her allegations (*id.*) Plaintiff's objection is properly denied.

Next, Plaintiff challenges the Magistrate Judge's statement that "[P]laintiff has presented absolutely no evidence to support such assertions" that "Defendants made false statements or otherwise acted improperly as a part of the decision to issue the warrants in question" (Obj., ECF No. 48 at PageID.761). Plaintiff asserts she "sent plenty of evidence" (*id.*). However, Plaintiff

3

again mischaracterizes the Magistrate Judge's statement inasmuch as the Magistrate Judge held that the provided evidence did not support Plaintiff's allegations, not that Plaintiff failed to provide any evidence at all. Plaintiff further objects to Defendants not providing any evidence of their own (*id*.). However, defendants are not required to provide evidence but may simply show that a plaintiff cannot sustain her burden of proof. For these reasons, this objection is denied.

Plaintiff also argues that the Magistrate Judge erred in finding Plaintiff failed "to distinguish against whom each of her various claims [were] asserted" (*id*. at PageID.760). Plaintiff asserts that she made the required distinction in her Rule 26 discovery documents (*id*.). However, even if the Court considered the assertions within the discovery materials as part of Plaintiff's initial Complaint, such would not change the Magistrate Judge's recommended result. The Magistrate Judge concluded that Defendants Linderman, Fenton, and Schuitema enjoy absolute immunity, regardless of Plaintiff's specificity in the Complaint (R&R, ECF No. 47 at PageID.731). This objection is therefore denied.

Next, Plaintiff disagrees with the Magistrate Judge's finding that "[d]uring her deposition [P]laintiff conceded that the only basis for her claims against these [D]efendants was that 'they signed warrants'" (sic) (Obj., ECF No. 48 at PageID.760). Plaintiff argues that the signed warrants "were not backed up by probable cause" (*id*.). The Magistrate Judge addressed and rejected Plaintiff's probable-cause argument by stating "[t]his is not an accurate statement of law" (R&R, ECF No. 47 at PageID.731, *citing Howell v. Sanders*, 668 F.3d 344, 350 (6th Cir. 2012)). The Magistrate Judge further clarified that "'the existence or nonexistence of probable cause, however, is not determinative of whether absolute immunity applies'" (*id*.). Plaintiff's disagreement with the Magistrate Judge's analysis does not serve to identify any error therein. This objection is therefore denied.

**III.     False Arrest and False Imprisonment**

Turning to Plaintiff's false-arrest and false-imprisonment claims, Plaintiff argues that the Magistrate Judge erred in concluding that false arrest and false imprisonment are "functionally indistinct" (Obj., ECF No. 48 at PageID.762). Plaintiff identifies the differing elements of the two claims, but she fails to demonstrate any error in the Magistrate Judge's conclusion that both claims require the core element of probable cause. The objection is denied.

Plaintiff also argues that the Magistrate Judge erred in finding that Defendants had probable cause to arrest her (*id*. at PageID.762-764). Plaintiff restates the alleged facts and her disagreement with the Magistrate Judge's conclusion, but she again fails to identify any alleged error to be reviewed (*id.*). The objection is denied.

Next, Plaintiff asserts she provided evidence that Defendants Wallin and Leist were involved in her alleged false arrest on May 23, 2015 (*id*. at PageID.762). The Magistrate Judge granted summary judgment to Defendants Wallin and Leist based on Plaintiff making "no factual assertions" as well as the lack of evidence presented (R&R, ECF No. 47 at PageID.732). Therefore, even assuming such evidence was provided, Plaintiff's objection is properly denied inasmuch as she has not addressed the other basis for the Magistrate Judge's decision.

Plaintiff disagrees with the Magistrate Judge's finding that "'. . . Plaintiff maliciously used a communications device with the intent to threaten physical harm . . .'" (Obj., ECF No. 48 at PageID.763, quoting R&R, ECF No. 47 at PageID.735). Plaintiff contends she did not threaten anyone with physical harm and claims no evidence has been provided to say otherwise (*id*.). However, the Magistrate Judge referenced evidence of three phone messages left by Plaintiff (R&R, ECF No. 47 at PageID.734-735). The objection is denied.

5

Plaintiff also disagrees with the Magistrate Judge's characterization of the alleged facts, particularly that she pleaded guilty at the January 13, 2016 hearing (Obj., ECF No. 48 at PageID.763-764). Plaintiff provides explanation for why she signed her guilty plea, but fails to identify any factual error by the Magistrate Judge (*id*.). The objection is denied.

Plaintiff also argues that the Magistrate Judge erred by finding Defendants Wallin, Wheat, Cowell, and Leist were not involved with Plaintiff's arrest (*id*. at PageID.764). Plaintiff references alleged conduct by Defendants surrounding the arrest, but fails to demonstrate how Defendants were involved in the actual arrest and subsequent detention. The objection is denied.

Plaintiff argues that the Magistrate Judge erred in finding Plaintiff's due process claims were not cognizable (Obj., ECF No. 48 at PageID.765). Plaintiff argues that there is a "prima facie case" that illustrates all four elements of the due process claim (*id*.). However, the Magistrate Judge properly concluded, "where a particular Amendment 'provides an explicit textual source for constitutional protection' against government behavior, that Amendment is the basis for assessing such claims" (R&R, ECF No. 47 at PageID.738). Since the Fourth Amendment claim provides the source of constitutional protection, a due process claim is not cognizable (*id*.). The objection is denied.

## IV. Use of Excessive Force and Failure to Intervene

Plaintiff next addresses her claims for use of excessive force and failure to intervene. Plaintiff argues that the Magistrate Judge erred in finding Plaintiff "refused to exit her residence," Plaintiff was "actively resisting and pulling away" during her arrest, and the video evidence failed to reveal "use of excessive force" (Obj., ECF No. 48 at PageID.765). Plaintiff disagrees with the Magistrate Judge's findings from the evidence, but Plaintiff fails to identify any factual or legal error in the analysis (*id*.). For these reasons, the objection is denied.

### V. Malicious Prosecution

With regards to Plaintiff's malicious-prosecution claim, Plaintiff disagrees with the Magistrate Judge's initial statement that "Plaintiff alleges that her decision, on January 13, 2016, to plead guilty . . ." (Obj., ECF No. 48 at PageID.765; R&R, ECF No. 47 at PageID.740). Plaintiff fails to include the second half of the Magistrate Judge's sentence which states ". . . was part of a conspiracy and constitutes malicious prosecution" (R&R, ECF No. 47 at PageID.740). To find this fact, the Magistrate Judge referenced Plaintiff's initial Complaint, which included Plaintiff's statement that on "January 13 2016 Defendants did arrest Plaintiff to further conspiracy to force Plaintiff to plead guilty" (Pl. Compl., ECF No. 1 at PageID.110). Plaintiff does not reveal any error by the Magistrate Judge.

Plaintiff also argues that the Magistrate Judge erred in determining that "there was probable cause to charge [P]laintiff" (Obj., ECF No. 48 at PageID.765). Plaintiff's objection merely reiterates her argument from previous sections. This objection is also properly denied.

### VI. Deliberate Indifference

Turning to the Magistrate Judge's analysis of her deliberate indifference claim, Plaintiff disagrees with the Magistrate Judge's statement that "Plaintiff concedes in her complaint that following her arrest, Defendants Wheat and Cowell arranged for her to be examined by EMS personnel . . ." (Obj., ECF No. 48 at PageID.766; R&R, ECF No. 47 at PageID.743). Plaintiff provides a description of that day's events, which includes her admission that Defendants Wheat and Cowell contacted EMS for Plaintiff's medical treatment (Obj., ECF No. 48 at PageID.766). Plaintiff's argument includes no objection to the Report and Recommendation; therefore, the objection is denied.

Plaintiff also disagrees with the Magistrate Judge's statement that "Plaintiff argues the care she received at the hospital was insufficient" (Obj., ECF No. 48 at PageID.767; R&R, ECF No. 47 at PageID.744). Plaintiff denies bringing this claim, but Plaintiff agrees with the Magistrate Judge that her treatment at McLaren is irrelevant to the case at hand (*id.*). Since this claim is moot, the objection is denied.

Plaintiff does not otherwise identify any alleged factual or legal error in the Magistrate Judge's analysis of her deliberate indifference claim.

### VII. Illegal Search

Plaintiff objects to the Magistrate's conclusion that her illegal-search claim fails "because she has not presented evidence" (Obj., ECF No. 48 at PageID.768). Plaintiff's objection merely reiterates her allegations and fails to demonstrate any factual or legal error in the Magistrate Judge's analysis of this claim. The objection is denied.

### VIII. Violation of the Right of Free Speech

Regarding her free-speech claim, Plaintiff objects to the Magistrate Judge's finding that "[P]laintiff's complaint contains no allegations that [D]efendants prevented Plaintiff from speaking out" and "Plaintiff has neither presented nor identified evidence that Defendants impaired her right to speak out" (*id.*). Plaintiff agrees with the Magistrate Judge that the allegation was not included in her Complaint, and Plaintiff simply provides a reason for the omission (*id.*). The remainder of the objection reiterates Plaintiff's allegations and fails to demonstrate any factual or legal error in the Magistrate Judge's analysis. The objection is denied.

### IX. Retaliation

Regarding the Magistrate Judge's analysis of Plaintiff's retaliation claims, Plaintiff argues that the Magistrate Judge erred in finding that Plaintiff failed to specify Defendants' unlawful-

retaliation actions (Obj., ECF No. 48 at PageID.769). Plaintiff argues that "she did send evidence and information specifying each actor, evidence Exhibit #11, and 3, 4" [sic] (*id*.). Exhibit 11 is listed as "Arrest records, elements of claims," but "Documents [were] Not Received for Exhibit 11" (Pl. Ex., ECF No. 34-1 at PageID.531; Pl. Ex., ECF No. 34-5 at PageID.580). Exhibits 3 and 4 are videos labeled as "Voice mails" and "Cowell voice mail" (Pl. Ex., ECF No. 34-2 at PageID.531; Pl. Ex., ECF No. 34-2 at PageID.538-541). These exhibits also fail "to specify, however, what actions any Defendant undertook which constitute unlawful retaliation" (R&R, ECF No. 47 at PageID.746). For these reasons, the objection is denied.

Last, Plaintiff argues that the Magistrate Judge erred in concluding that Defendants Wallin, Wheat, Cowell, and Leist acted lawfully (Obj., ECF No. 48 at PageID.769). Plaintiff again asserts that the lack of probable cause for her arrest denotes unlawful behavior (*id*.). This issue was previously addressed. The objection is denied.

**X.     Infliction of Emotional Damage**

Regarding Plaintiff's claim for intentional infliction of emotional distress (IIED), Plaintiff argues that the Magistrate Judge erred in finding Plaintiff "neither identified [n]or presented evidence which any reasonable person could conclude satisfied this standard" (Obj., ECF No. 48 at PageID.769). In analyzing Plaintiff's IIED claim, the Magistrate Judge correctly examined whether Plaintiff established: "(1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress" (R&R, ECF No. 47 at PageID.748, *citing Ghannam v. Weiss*, 2013 WL 3025143 at *1 (Mich. Ct. App., June 18, 2013) (setting forth the test)). Plaintiff makes conclusory statements that the "[t]he entire case is extreme and outrageous" and Defendants' treatment of her was not "decent" (Obj., ECF No. 48 at PageID.770). Conclusory

9

statements are not sufficient to demonstrate any factual or legal error in the Magistrate Judge's analysis. The objection is denied.

## XI. Conspiracy

Last, Plaintiff generally objects to the Magistrate Judge's conclusion that her conspiracy claim fails (*id.*). Plaintiff wholly fails to identify any factual or legal error in the Magistrate Judge's analysis of her conspiracy claim. Therefore, the objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 48) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 47) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 30) is GRANTED.

Dated: March 16, 2020           /s/ Janet T. Neff
                                                          JANET T. NEFF
                                                          United States District Judge